IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

THOMAS E. PEREZ, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR, :
:
Plaintiff, :
:
v. : Civil Action No. 7:16cv00265
:
EL RODEO – ELECTRIC, INC., :
EL RODEO ORANGE INC., :
EL RODEO – WILDWOOD INC., :
ARELLANO INC. (EL TOREO), :
BRAVO BRANDON INC. (EL TOREO), :
EL TOREO – THIRLANE INC., :
ELIJIO ARELLANO, individually :
JESUS ARELLANO, individually :
and AUGUSTIN ARELLANO, individually :
:
Defendants. :

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin El Rodeo – Electric, Inc., El Rodeo Orange Inc., El Rodeo Wildwood Inc., Arellano Inc. - El Toreo, Bravo Brandon Inc. - El Toreo, El Toreo Thirlane Inc., Elijio Arellano, individually, Jesus Arellano, individually and Augustin Arellano, individually ("Defendants") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant El Rodeo – Electric, Inc. ("Electric, Inc.") is, and at all times hereinafter mentioned was, a corporation with a place of business at 3280 Electric Road, Roanoke, VA 24018, which is within the venue and jurisdiction of this Court.

III.

Defendant El Rodeo – Orange, Inc. ("Orange, Inc.") is, and at all times hereinafter mentioned was, a corporation with a place of business at 3518 Orange Avenue, NE, Roanoke, VA 24012, which is within the venue and jurisdiction of this Court.

IV.

Defendant El Rodeo – Wildwood, Inc. ("Wildwood, Inc.") is, and at all times hereinafter mentioned was, a corporation with a place of business at 260 Wildwood Rd, Salem, VA 24153, which is within the venue and jurisdiction of this Court.

V.

Defendant Arellano Inc. - El Toreo, ("Arellano, Inc.") is, and at all times hereinafter mentioned was, a corporation with a place of business at 3133 Franklin Road, SW, Roanoke, VA 24014, which is within the venue and jurisdiction of this Court.

VI.

Defendant Bravo Brandon Inc. - El Toreo, ("Bravo Brandon, Inc.") is, and at all times hereinafter mentioned was, a corporation with a place of business at 3790 Peters Creek Road, Roanoke, VA 24018, which is within the venue and jurisdiction of this Court.

VII.

Defendant El Toreo - Thirlane Inc., ("Thirlane, Inc.") is, and at all times hereinafter mentioned was, a corporation with a place of business at 6617 Thirlane Rd, Roanoke, VA 24019, which is within the venue and jurisdiction of this Court.

VIII.

Defendant Elijio Arellano ("Elijio Arellano") is, and at all times hereinafter mentioned was, an owner of Defendants El Rodeo – Electric, Inc., El Rodeo Orange Inc., Arellano Inc. - El Toreo, Bravo Brandon Inc. - El Toreo, and El Toreo Thirlane Inc.. Defendant Elijio Arellano does, and at all times hereinafter mentioned did, business in Virginia as he owns and operates El Rodeo – Electric, Inc. at 3280 Electric Road, Roanoke, VA 24018, El Rodeo Orange Inc. at 3518 Orange Avenue, NE, Roanoke, VA 24012, Arellano Inc. - El Toreo at 3133 Franklin Road, SW, Roanoke, VA 24014, Bravo Brandon Inc. - El Toreo at 3790 Peters Creek Road, Roanoke, VA 24018, and El Toreo - Thirlane Inc. at 6617 Thirlane Rd, Roanoke, VA 24019, which are each within the venue and jurisdiction of this Court

IX.

Defendant Jesus Arellano ("Jesus Arellano") is, and at all times hereinafter mentioned was, an owner of Defendants El Rodeo – Electric, Inc. El Rodeo Orange Inc., El Rodeo Wildwood Inc., Arellano Inc. - El Toreo, Bravo Brandon Inc. - El Toreo, and El Toreo Thirlane Inc.. Defendant Jesus Arellano does, and at all times hereinafter mentioned did, business in Virginia as he owns and operates El Rodeo – Electric, Inc. at 3280 Electric Road, Roanoke, VA

3

24018, El Rodeo Orange Inc. at 3518 Orange Avenue, NE, Roanoke, VA 24012, El Rodeo Wildwood Inc. at 260 Wildwood Rd, Salem, VA 24153, Arellano Inc. - El Toreo at 3790 Peters Creek Road, Roanoke, VA 24018, Bravo Brandon Inc. - El Toreo at 3790 Peters Creek Road, Roanoke, VA 24018, and El Toreo Thirlane Inc. at 6617 Thirlane Rd, Roanoke, VA 24019, which are each within the venue and jurisdiction of this Court.

III.

Defendant Augustin Arellano ("Augustin Arellano") is, and at all times hereinafter mentioned was, an owner of Defendants El Rodeo – Electric, Inc., El Rodeo Wildwood Inc., Arellano Inc. - El Toreo, Bravo Brandon Inc. - El Toreo, and El Toreo Thirlane Inc. Defendant Augustin Arellano does, and at all times hereinafter mentioned did, business in Virginia as he owns and operates El Rodeo – Electric, Inc. at 3280 Electric Road, Roanoke, VA 24018, El Rodeo Wildwood Inc. at 260 Wildwood Rd, Salem, VA 24153, Arellano Inc. - El Toreo at 3790 Peters Creek Road, Roanoke, VA 24018, Bravo Brandon Inc. - El Toreo at 3790 Peters Creek Road, Roanoke, VA 24018, and El Toreo Thirlane Inc. at 6617 Thirlane Rd, Roanoke, VA 24019, which are each within the venue and jurisdiction of this Court.

V.

The business activities of the Defendants, as described herein, were and are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act; in that:

1. The corporate business defendants identified herein all own and operate restuarants;
2. The corporate business defendants identified herein all shared management and ownership responsibilities, including the purchasing of goods and materials and advertising to the public;

4

3. The individual defendants are members of the same family, and they operated the corporated defendants as a central and coordinated effort;
4. The individual defendants actively cooperated among themselves in the ownership, operation, and day-to-day activities of the corporate restaurant businesses;
5. The indvidiual defendants and corporate defendants shared ownership and management responsibilities among the various corporate defendants.

VI.

At all times hereinafter mentioned, Defendants had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as poultry and food goods that have travelled across state lines. Further, at all times hereinafter mentioned, Defendants' enterprise (as defined in Paragraph V, above) had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

VII.

Defendants have willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay certain employees for their employment in commerce or in the production of goods for commerce within the meaning of the Act, wages at rates less than the statutory minimum wage ($7.25 an hour) during the period since January 29, 2012.

VIII.

The willful minimum wage violations by Defendants resulted from, but are not limited to, the following practices:

a. Defendants' servers were improperly compensated as "tipped employees" when the servers were not compensated a cash wage of at least $2.13 per hour since January 29, 2012.

b. The Defendants failed to provide oral or written notification in advance to the servers that a tip credit would be taken and the applicable provisions of section 3(m) of the Act.

c. The only compensation paid to servers for hours worked originated from cash and credit card tips earned on a daily and weekly basis.

d. When Defendants began compensating employees via payroll check in June 2014, servers continued to only receive compensation in the form of tips, as all monies paid to servers via payroll check were subject to employer illegal payroll deductions negating payment to the servers.

IX.

Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to adequately compensate certain employees for their employment in commerce or in the production of goods for commerce within the meaning of the Act, for hours worked longer than 40 hours per week at rates not less than one and a half-times their hourly rate during the period since January 29, 2012.

X.

The willful overtime wage violations by Defendants resulted from, but are not limited to, the following practices:

a. The kitchen staff (cooks, assistant cooks and dishwashers) were paid on a weekly pay period basis and paid straight time for hours worked over 40 in a workweek. The non-

exempt salaried employees are due the additional half time for hours worked over 40 in a work week. The amount of weekly overtime payment owed to each individual varies depending on the number of hours the employee actually worked.

b. The servers (tipped employees) were not paid any form of overtime compensation, as their compensation came strictly from the tips they earned on a daily and weekly basis. Therefore, the servers are due time and one half the regular rate of pay for all hours worked over 40 in a work week. The amount of weekly overtime payments owed to each employee varied on the number of hours they worked from workweek to workweek.

XI.

Defendants exercised control over the employees' work, including but not limited to, giving assignments to employees, scheduling employees, supervising employees and determining their hourly rate of pay. The services provided by the employees were integral to the Defendants' restaurant businesses.

XII.

Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep and preserve adequate and accurate records of many of their employees of the wages, hours and other conditions of their employment, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that, among other things: Actual tips received by employees were not recorded.

XIII.

As a result of the violations alleged in paragraphs VII through VIII above, amounts are owing for hours worked that were paid at rates less than the rates set forth in Section 6 of the Act

7

during the period since January 29, 2012 for certain present and former employees, including the persons specifically named in

Schedule A attached to Plaintiff's Complaint.

XIV.

As a result of the violations alleged in paragraphs IX through X above, amounts are owing for hours worked that were longer than 40 hours per week at rates not less than one and a half-times their hourly rate as set forth in Section 7 of the Act during the period since January 29, 2012 for certain present and former employees, including the persons specifically named in Schedule A attached to Plaintiff's Complaint.

XV.

Defendants have repeatedly and willfully violated the provisions of the Act as alleged in paragraphs VII through XII above. A judgment permanently enjoining and restraining the violations herein alleged (including the restraining of withholding of minimum wage back wages) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XVI.

A judgment granting recovery of said amounts referred to in Paragraph XIV, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those

8

persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage back wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional minimum wage back wages and overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees who were or are employed by Defendants at the restaurants in Roanoke or Salem, Virginia and who are presently unknown to Plaintiff);

3. In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of minimum wage back wages or overpayment compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Francine A. Serafin
Regional Counsel

*[signature]*

BY: Dominique V. Sinesi
Attorney
VA Bar No. 28707
U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202
(202) 693-9337
sinesi.dominique@dol.gov

U.S. DEPARTMENT OF LABOR

| Last Name | First Name | Initial |
|---|---|---|
| Aguilar | Rigoberto | P. |
| Aguirre-Frias | Salvador | |
| Alvarado | Jeovani | H. |
| Argueta | Hernan | |
| Bardales | Nixon | J. |
| Bardales-Diaz | Reni Naun | |
| Barrios | Eddy | B |
| C. Claros | Jose | W |
| Cruz | Samuel | |
| Diaz | Jose Nery | |
| Diaz Del Cid | Jose | M. |
| Dominguez | Daniel | |
| Enriquez | Jose | V. |
| Gomez-Orellano | Jose Victor | |
| Guman | Rolando | |
| Malaga | Jesus | |
| Malaga | Reyes | |
| Malaga-Ceballos | Oscar | E. |
| Marquez | Santos | R. |
| Matia-Criscostomo | Ruperto | |
| Mejia | Carlos Roberto | |
| Mejia-Cranera | Josue | O. |
| Mendez-Montejo | Sergio | |
| Montejo | Jesus | |
| Nahum-Sanchez | Victor | |
| Oliva | Francisco | J. |
| Resendiz | Emeliano | |
| Sanchez-Ramos | Jose Adan | |
| Santos | Jose | |
| Serrano-Rojas | Ruben | |
| Aguilar | Anabel | |
| Aguilar | Leticia | |
| Bueso | Eldibrando | |

| | | |
|---|---|---|
| Cantarero | Donaldo | |
| Cantarero | Herber | A. |
| Diaz | Miguel | |
| Diaz | Paula | G. |
| Guerra | Fredy | |
| Iainez | Saul | |
| Lemus | Jose | O. |
| Lemus | Leonel | |
| Lemus | Lilian | |
| Malaga | Eduardo | C. |
| Malaga | Omar | |
| Martinez | David | |
| Matias | Ruperto | |
| Meza | Orlando | |
| Murillo | Libil | Y. |
| Ocha | Fredy | F. |
| Orellana | Handi | |
| Ramos | Rigoberto | C. |
| Ramos | Teodoro | |
| Ramos | Wilmer | |
| Reyes | Jose | S. |
| Rodrigues | Marvin | |
| Sanchez | Nelson | |
| Sevilla | Denys | |
| Sorto | Eber | |
| Torres | Christian | |
| Vasques | Jose Lopez | |
| Aceves | Sergio | G. |
| Aguilar | Norma | G. |
| Alvarez-Tapia | Israel | |
| Amador | Ulises | |
| Bustamante | Manuel | M. |
| Cruz | Carlos Omar | |
| Curiel-Martinez | Rosa | M. |
| Diaz | Fernando | O. |
| Diaz | Jose | D. |
| Esparza | Saul Duron | |
| Espino | Erly | J. |
| Gonzales-Reyes | Jose | D. |

| | | |
|---|---|---|
| Hernandez | Carlos | M. |
| Hernandez-Argueta | Melvin | J. |
| Huerta-Rojas | Sergio | |
| Majano | Blanca | C. |
| Martinez | Bernardo | R. |
| Martinez | Noel | |
| Murillo-Lanza | Martina | X. |
| Ordonez | Josue | |
| Portillo | Maria | O. |
| Reyes-Castillo | Ricardo | |
| Reyes-Castillo | Wilson | J. |
| Reyes-Vijil | Jose Salvador | |
| Roel-Nolasco | Roni | |
| Salas-Hernandez | Jesus | I. |
| Santo-Sevilla | Noe | A. |
| Sevilla | Denys | |
| Sevilla | Mario | R. |
| Zaragoza | Miguel | |
| Acosta | Manuel | U. |
| Alvarez | Israel | |
| Amador | Ulices | |
| Arellano | Elizabeth | |
| Esparza | Saul Duron | |
| Gamoneda | Mario | |
| Giron | Jesus | E. |
| Gomez | Simion | |
| Hernanez | Juan Pablo | |
| Lainez | Roberto | A. |
| Lemus | Carlos | H. |
| Lemus | Uver | |
| Malaga | Fortino | |
| Malaga | Fortino | |
| Malaga | Oscar (Omar) | |
| Olivera | Ulises | A. |
| Orellano | Simion | |
| Ramos | Rigoberto | C. |
| Resendiz | German | |
| Reyes | Marlon | J. |
| Reyes | Wilson | J. |

| | | |
|---|---|---|
| Rodriguez | Ernesto | |
| Rodriguez | Juan | |
| Vasquez | Adonaldo | J. |
| Villalobos | Gimiro | |
| Zaragoza | Eduardo | |
| Zelaya | Jarvin | O. |
| Aguilar | Maria | |
| Arellano | Jose | N. |
| Bueso | Nohemy | |
| Chigo | Fabiola Del Carmen | |
| Curiel | Rosa Maria | |
| Del Cid | Margarito | |
| Funiz | Lesther | I. |
| Gomez | Jose Antonio | |
| Hernandez-Lainez | Carlos | |
| Lainez | Elvin | E. |
| Martinez | Carlos Roberto | |
| Munguia | Jacinto | |
| Murillo | Nusly Mercedes | |
| Ramos-Lainez | William | A. |
| Ruiz | Fanny Araceli | |
| Serrano | Ruben | |
| Sevilla | Jose Rodolfo | |
| Aguirre | Salvador | |
| Amaya | Osmin Claro | |
| Ambros | Marcelo | C. |
| Argueta | Donaldo | J. |
| Blanco | Juan | M. |
| Cabrera-Diaz | Jose Anaun | |
| Cobaxin | Eliseo | |
| Cortez | Angel | |
| Diaz | Angel | |
| Funez | Ezdras Caleb | |
| Gomez | Jose Melvin | |
| Hernandes | Electerio | |
| Lorenzo | Jose | A. |
| Marquez | Maria Bessy | |
| Martinez | Miguel | |

14

| Mendoza  | German       |    |
|----------|--------------|----|
| Nolasco  | Jose Miguel  |    |
| Orellana | Emanuell     |    |
| Pineda   | Mario        |    |
| Ramos    | Wilmer       | M. |
| Reyes    | Omar Orellan |    |
| Vasquez  | Jose         | R. |
| Zaragoza | Miguel       |    |
| Zaragoza | Miguel       |    |

Case 7:16-cv-00265-MFU-RSB   Document 1   Filed 06/07/16   Page 15 of 15   Pageid#: 15