IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF<br>LABOR,<br>               Plaintiff,<br><br>v.<br><br>EL RODEO-ELECTRIC, INC., et al.,<br>               Defendants. | Civil Action No: 7:16-cv-00265-MFU |

## CONSENT JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter "the Act"). Defendants El Rodeo-Electric, Inc., El Rodeo Orange, Inc., El Rodeo-Wildwood, Inc., Bravo Brandon, Inc. (El Toreo), Arellano, Inc. (El Toreo), El-Toreo-Thirlane, Inc., Elijio Arellano, Jesus Arellano and Augustin Arellano, hereinafter collectively referred as "Defendants" or "Employers," have appeared by counsel, hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon the consent of both Plaintiff and Defendants, and for cause shown:

ORDERED, ADJUDGED, AND DECREED by the Court that Defendants, their officers, agents, servants, employees and all persons acting or claiming to act on their behalf and interest shall be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act, in any manner, specifically:

    1.    Defendants shall not, contrary to Section 6 of the Act, pay to any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within

the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at El Rodeo-Electric, Inc., El Rodeo Orange, Inc., El Rodeo-Wildwood, Inc., Bravo Brandon, Inc. (El Toreo), Arellano, Inc. (El Toreo), and El-Toreo-Thirlane, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at El Rodeo-Electric, Inc., El Rodeo Orange, Inc., El Rodeo-Wildwood, Inc., Bravo Brandon, Inc. (El Toreo), Arellano, Inc. (El Toreo), and El-Toreo-Thirlane, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4. Defendants shall not discharge or take any retaliatory action against any of their employees because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

2

        i.        Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

        ii.        Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

        iii.       Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5.       Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $1,500,000.00, and are jointly and severally liable for the payment of $1,500,000.00 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

6.       Accordingly, it is ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for the payment of the aforesaid back wage compensation and liquidated damages due certain employees and former employees of Defendants listed on the Schedule A (attached hereto as Exhibit A). Defendants shall pay the above-referenced amounts in accordance with the installment agreement, including interest, detailed on Schedule B, which is attached hereto and incorporated herein.

3

7. Defendants are jointly and severally liable for, and shall pay gross back pay of overtime compensation in the total amount of **$1,500,000.00** ("Back Pay Amount") to certain employees and former employees of Defendants set forth and identified on the attached Schedule A. Payment of the Back Pay Amount provided for herein shall be made in accordance with the provisions set forth in Paragraphs 9 and 11, herein below, and the installment agreement detailed on Schedule B, which is attached hereto and incorporated herein.

8. Defendants are jointly and severally liable for, and shall pay liquidated damages in the total amount of **$1,500,000.00** ("Liquidated Damages Amount") to certain employees and former employees of Defendants set forth and identified in Schedule A. Payment of the amount of liquidated damages shall be made in accordance with the provisions set forth in Paragraphs 9 and 11, herein below, and the installment agreement detailed on Schedule B, which is attached hereto and incorporated herein.

9. It is therefore agreed that Defendants shall pay gross back wages and liquidated damages in the total amount of $3,000,000.00, for violations of the minimum wage and overtime provisions of the Act by Defendants alleged to have occurred during the period beginning January 29, 2012 and ending January 25, 2015 ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the Back Wage Amount and Liquidated Damage Amount payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendants shall remain responsible for the payment of all deductions from the back wages considered to be the "employer's share," including, but not limited to, FICA and Unemployment Insurance. Payments made in accordance with the installment

4

agreement detailed on Schedule B, which is attached hereto and incorporated herein, shall be made as follows:

  i.  For payments related to the Back Wage Amount and Liquidated Damages Amount, the Defendants will provide a cashier's check or certified check made payable to "Wage and Hour Division-Labor," and will include on the "Memo" line a notation reading "Back Wages and Liquidated Damages – Whisard Nos. 1703440, 1757838, 1758955, 1759123, 1759257 and 1759258." The check shall be sent to:

> U.S. Department of Labor, Wage and Hour Division
> Richmond District Office
> 400 North 8th Street, Suite 416
> Richmond, Virginia 23219-4815
> Attn: Cindy Maish

  ii.  The Secretary, after making applicable tax deductions, shall distribute the proceeds of these payments to the employees listed on Schedule A or to their estates if necessary. Any sums not distributed to the employees named herein or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums shall be deposited with the Treasurer of the United States as miscellaneous receipts pursuant to 28 U.S.C. §§ 2041 and 2042.

  iii.  To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number (or individual taxpayer identification number) and last known address and telephone number of each employee or former employee listed on Schedule A within thirty days of the entry of an order approving this Order.

  iii.  The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Schedule A, nor shall the provisions in any way affect

5

any legal right of any individual named in Schedule A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

10. It is FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendants fail to make the payments as set forth in Paragraph 5 above, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

    i. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

    ii. All the expenses of the accountant or Receiver shall be borne solely by the Defendants.

    iii. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

    iv. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Consent Judgment.

11. In the event that Defendants sell any property or businesses before Defendants pay in total the amounts set forth in Paragraph 5 of this Consent Judgment to the Secretary:

6

i.  Within 15 days of an offer of sale, Defendants shall notify the Secretary, in writing, of the acceptance of the offer of sale and set forth the terms of the sale in their entirety. The written notice shall be sent to:

> U.S. Department of Labor, Wage and Hour Division
> Richmond District Office
> 400 North 8th Street, Suite 416
> Richmond, Virginia 23219-4815
> Attn: Cindy Maish

ii.  Within 30 days of the closing of the sale of, Defendants shall provide the Secretary with the total proceeds of the sale. The proceeds from the sale shall be sent to the Secretary in accordance with Paragraph 9, Subpart (i) of this Consent Judgment. If the proceeds of the sale do not wholly satisfy the remaining amounts due under the installment agreement detailed on Schedule B, which is attached hereto and incorporated herein, Defendants shall continue to adhere to the installment agreement until Defendants have paid all of the amounts set forth in Paragraph 5 of this Consent Judgment.

iii.  The Secretary, after making applicable tax deductions, shall distribute the proceeds of the sale to the employees listed on Schedule A or to their estates if necessary. Any sums not distributed to the employees named herein or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums shall be deposited with the Treasurer of the United States as miscellaneous receipts pursuant to 28 U.S.C. §§ 2041 and 2042.

12.  Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be paid to the Secretary for deposit as above and in accordance with the provisions set forth in Paragraphs 9 and 11, herein above, and the installment agreement detailed on Schedule B, which is attached hereto and incorporated herein, and Defendants shall have no further

obligations with respect to such returned monies. Plaintiff's representatives at the United States Department of Labor, Wage and Hour Division, shall deliver the proceeds of any sums not distributed to the employees named therein because of inability to locate the proper person or because of such person's refusal to accept such sums to this Court to be received and accounted for within the provisions of Title 28, U.S.C. §§ 2041 and 2042. Moreover, if recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

13. Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation and that this Consent Judgment fully and finally resolves the instant action. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after January 25, 2015, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

14. It is FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that upon full compliance with the terms of this Consent Judgment, the dispute between the Secretary and Defendants with regard to violations of the Act for the period of January 29, 2012 to January 25, 2015, shall be resolved.

15. Defendants agree that they are employers within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

16. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the Act and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the Act, with respect to any violations disclosed by such investigations.

17. It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

_____
Chief United States District Judge Michael F. Urbanski

Dated: _____, 2017

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For the Employers Bravo Brandon, Inc. (El Toreo), El Rodeo-Electric, Inc., El Rodeo Orange, Inc., and El-Toreo-Thirlane, Inc.

_____ 10/23/2017
Elijio Arellano
Individually, and as Owner of Bravo Brandon, Inc. (El Toreo), El Rodeo-Electric, Inc., and El Rodeo Orange, Inc., and Former Owner of El-Toreo-Thirlane, Inc.

For the Employers Arellano, Inc. (El Toreo), El Rodeo-Electric, Inc., El Rodeo Orange, Inc., El-Toreo-Thirlane, Inc., and El Rodeo-Wildwood, Inc.

X _____ 10/23/2017
Jesus Arellano
Individually, and as Owner of El Rodeo Orange, Inc., El-Toreo-Thirlane, Inc., and El Rodeo-Wildwood, Inc., and Former Owner of Arellano, Inc. (El Toreo) and El Rodeo-Electric, Inc.

For the Employers Arellano, Inc. (El Toreo), El-Toreo-Thirlane, Inc., and El Rodeo-Wildwood, Inc.

6
Agustin _____ 10/23/2017
Agustin ~~Augustin~~ Arellano
Individually, and as Owner of Arellano, Inc. (El Toreo), El-Toreo-Thirlane, Inc., and El Rodeo-Wildwood, Inc.

_____
Agnis C. Chakravorty
Woods Rogers PLC
10 S. Jefferson Street
Suite 1400
Roanoke, VA 24011
Telephone No. (540) 983-7727

For the Secretary:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Counsel for Wage and Hour

_____
Dominique V. Sinesi
Trial Attorney
VA Bar No. 28707

U.S. Department of Labor
Office of the Solicitor, Region III
201 12th Street South
Arlington, VA 22202-5450
Telephone No. (202) 693-9337
Facsimile No. (202) 693-9392
Sinesi.Dominique@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor

10

Case 7:16-cv-00265-MFU-RSB   Document 39   Filed 10/24/17   Page 10 of 11   Pageid#: 123

Facsimile No. (540) 983-7711
achakrav@woodsrogers.com

Attorney for Defendants El Rodeo-Electric,
Inc., El Rodeo Orange, Inc., El Rodeo-
Wildwood, Inc., Bravo Brandon, Inc. (El
Toreo), Arellano, Inc. (El Toreo), El-Toreo-
Thirlane, Inc., Elijio Arellano, Jesus Arellano
and Augustin Arellano